UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **WILLIE J. HARPER,** ) | |
| ) | |
| **Petitioner,** ) | |
| v. ) | Case No. 08-CV-2293 |
| ) | |
| **FRANK SHAW, Warden,**[1] ) | |
| ) | |
| **Respondent.** ) | |

## OPINION

On December 4, 2008, this court received a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (#1) from Petitioner, Willie J. Harper. Petitioner also sent a Petition for Leave to Proceed in Forma Pauperis (#2) and a Motion to Appoint Counsel (#3). On December 30, 2008, this court entered an Order (#9) which denied Petitioner's Petition for Leave to Proceed in Forma Pauperis and allowed Petitioner 30 days to file the required filing fee. On January 6, 2009, Petitioner filed a Motion for Leave to Stay Habeas Petition and Hold in Abeyance (#10). On January 26, 2009, Petitioner paid the $5.00 filing fee and the Petition (#1) was considered filed in this court. On January 29, 2009, this court entered an Order (#11) which denied Petitioner's Motion to Appoint Counsel (#3). This court concluded that Petitioner had not shown he was entitled to appointed counsel in this case.

On April 20, 2009, Respondent, Frank Shaw, filed his Answer and Response to Motion to Stay (#15). Petitioner subsequently requested, and was granted, extensions of time to file a Reply. On August 24, 2009, Petitioner filed a second Motion to Appoint Counsel (#19). Petitioner did not include any new basis for his request for the appointment of counsel. On August 25, 2009,

---

[1] Frank Shaw has replaced Terry McCann as the warden of the Stateville Correctional Center and is substituted as Respondent in this case.

Petitioner filed a Motion for Leave to File Reply Brief (#20), with a Reply Brief attached.

This court has carefully and thoroughly reviewed the arguments of the parties and the documents provided by the parties. Following this careful review, this court rules as follows: (1) Petitioner's Motion for Leave to File Reply Brief (#20) is GRANTED and this court has considered the attached Reply Brief in making its ruling in this case; (2) Petitioner's Motion to Appoint Counsel (#19) is DENIED; (3) Petitioner's Motion for Leave to Stay Habeas Petition and Hold in Abeyance (#10) is DENIED; and (4) Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (#1) is DENIED.

## BACKGROUND

Petitioner married Tammy Hackl on February 14, 2000. On February 18, 2000, the police found Hackl dead in the apartment she shared with Petitioner. Petitioner was charged with first degree murder, and a jury trial was held in January 2002. At trial, Petitioner testified that, on February 15, 2000, he drank large amounts of alcohol and smoked crack cocaine. He testified that he argued with Hackl and they struggled with a knife. He also testified that he woke up the next morning and found Hackl dead. The evidence at trial showed that Hackl died of manual strangulation and severe blunt-force injuries to the head.

Petitioner argued that he was not guilty of first degree murder because he was intoxicated at the time of the crime. He testified as to the amount of alcohol he consumed the evening of the killing and various witnesses testified that they saw Petitioner drinking alcohol on February 15, 2000. Daniel J. Brown, a toxicologist, gave his opinion that, at the time of the incident, Petitioner had a blood alcohol concentration of 0.579. He testified that he based this opinion on Petitioner's height and weight and the amount of alcohol Petitioner consumed, based on information Dr. Brown

received from investigator William Clutter and Petitioner's counsel. Dr. Brown testified that that amount of alcohol would have been fatal or would have rendered Petitioner comatose, leading to death. Dr. Brown testified that he doubted if Petitioner could talk or walk.

On January 29, 2002, the jury found Petitioner guilty of first degree murder. On March 11, 2002, Petitioner was sentenced to 60 years in the Illinois Department of Corrections. Petitioner appealed and, on December 2, 2004, the Illinois Appellate Court, Fourth District, affirmed his conviction. People v. Harper, Case No. 4-02-0295 (2004) (unpublished order). In its 34-page Order, the appellate court first rejected Petitioner's argument that the State failed to prove him guilty of first degree murder beyond a reasonable doubt because the State presented insufficient evidence of the requisite mental state. The appellate court concluded that sufficient evidence supported the jury's verdict. Harper, Case No. 4-02-0295, at p.13. The court stated:

> The jury heard evidence of other acts of violence by defendant against Hackl that the court admitted for the purpose of showing intent, motive, absence of accident, and absence of innocent frame of mind. In addition, defendant's testimony revealed he had a memory of many of the events leading up to the actual crime, which the jury could have viewed as evidence that defendant was not so intoxicated that he was incapable of forming a specific intent.

Harper, Case No. 4-02-0295, at pp.13-14. The court also noted that evidence as to the amount of alcohol Petitioner consumed conflicted, but "determinations of credibility are for the jury." Harper, Case No. 4-02-0295, at p.14.

The appellate court also rejected Petitioner's remaining arguments and found that: (1) the

trial court did not abuse its discretion by limiting the testimony of Dr. Brown because the proposed testimony "would be based on mere speculation;" (2) the trial court did not abuse its discretion by barring the testimony of Dr. Jonathan Hess because Dr. Hess's proposed testimony bore no relevance to the issues of Petitioner's intoxication defense or second degree murder and would not support an involuntary manslaughter instruction; (3) the trial court did not commit reversible error by refusing to instruct the jury as to second degree murder or involuntary manslaughter because the evidence did not support giving either instruction; and (4) the trial court did not abuse its discretion by imposing a sentence of 60 years for first degree murder especially given the fact that the murder of Hackl constituted Petitioner's twentieth criminal conviction and twelfth felony conviction. Harper, Case No. 4-02-0295, at pp.14-34.

Petitioner filed a petition for leave to appeal in the Illinois Supreme Court which was denied on March 30, 2005. In August 2005, Petitioner filed a post-conviction petition in the circuit court of Macon County. In February 2006, Petitioner filed an amended post-conviction petition. On June 27, 2006, the trial court dismissed the petition. Petitioner filed a motion to set aside or vacate the June 2006 dismissal order, which the court later denied. Petitioner appealed and the appellate court affirmed on June 6, 2008. People v. Harper, Case No. 4-07-0235 (2008) (unpublished order). Petitioner filed a petition for leave to appeal which was denied on November 26, 2008.

On December 4, 2008, Petitioner sent his Petition under § 2254 to this court. On January 26, 2009, Petitioner paid the $5.00 filing fee and his Petition under §2254 (#1) was considered filed. In his Petition, Petitioner raised three grounds for relief: (1) the evidence was insufficient to convict Petitioner of first degree murder; (2) the trial court erred in barring Petitioner from presenting the testimony of Dr. Hess; and (3) the trial court abused its discretion in limiting the trial testimony of

Dr. Brown.

Also on January 26, 2009, Petitioner requested leave to file a successive post-conviction petition in the circuit court of Macon County. Petitioner argued that he should be allowed to raise new claims because of his history of mental illness and because he was denied access to the law library in prison. Petitioner also argued that the principle of fundamental fairness required that he be allowed to raise the arguments included in his successive petition. In his proposed successive petition, Petitioner raised claims entirely different from the claims included in his § 2254 petition in this court. Petitioner included several claims regarding the denial of his right to a fitness hearing prior to trial, including claims that his trial and appellate counsel were ineffective for failing to raise this issue. On January 28, 2009, the circuit court denied Petitioner leave to file the successive petition. The circuit court found that Petitioner had not demonstrated cause for his failure to raise the claims in a prior proceeding, had failed to show prejudice and had not alleged any newly discovered evidence showing actual innocence. Petitioner appealed, and, as of the time of Respondent's Answer, the appeal was still pending.

Petitioner has filed a Motion for Leave to Stay Habeas Corpus Petition and Hold in Abeyance Until Filed Successive Post-Conviction is Finalized in the State Court (#10). Petitioner argued that he should be allowed to exhaust his claims before proceeding in federal court.

On April 20, 2009, Respondent filed his Answer and Response to Motion to Stay (#15) with lengthy supporting exhibits. Respondent argued that, even though Petitioner still has claims pending before the Illinois appellate court, this court should proceed to an adjudication of the claims Petitioner raised in his § 2254 habeas petition based upon <u>Rhines v. Weber</u>, 544 U.S. 269 (2005). Respondent also argued that Petitioner's claims should be denied because the claims were either not

cognizable for federal review, procedurally defaulted or without merit.

On August 24, 2009, Petitioner filed a Motion to Appoint Counsel (#19). On August 25, 2009, Petitioner filed a Motion for Leave to File Reply Brief (#20) with an attached Reply Brief. In his Reply Brief, Petitioner argued that this court should grant his motion to stay so that he can exhaust his claims regarding the denial of his right to a fitness hearing prior to trial and then raise those claims in this court.

## ANALYSIS

### I. MOTION TO STAY

In <u>Rhines</u>, the United States Supreme Court held that federal district courts have the discretion to stay a mixed habeas petition–one that contains some exhausted claims and some unexhausted claims–in "limited circumstances" not inconsistent with the "timeliness concerns reflected in [the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)]." <u>Rhines</u>, 544 U.S. at 277; <u>Arrieta v. Battaglia</u>, 461 F.3d 861, 866 (7th Cir. 2006). The Court in <u>Rhines</u> held that a "stay and abeyance" of a mixed habeas petition "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court" and the unexhausted claims are not "plainly meritless." <u>Rhines</u>, 544 U.S. at 277; <u>Arrieta</u>, 461 F.3d at 866. Thus, the "stay and abeyance" procedure should be employed in "appropriate but limited" circumstances. <u>Moore v. Hulick</u>, 2008 WL 268793, at *7 (C.D. Ill. 2008), <u>see also</u> <u>Dolis v. Chambers</u>, 454 F.3d 721, 724 (7th Cir. 2006).

This court agrees with Respondent that Petitioner did not file a "mixed" habeas petition in this case. Petitioner exhausted all of the claims included in his petition by raising them in his direct appeal and in his petition for leave to appeal with the Illinois Supreme Court. Petitioner did not

include in his § 2254 petition the claims that he raised in his successive post-conviction petition. Because all the claims in Petitioner's § 2254 petition have been exhausted, Rhines is inapplicable and Petitioner is not entitled to a stay.²

## II.  HABEAS PETITION

Because Petitioner filed his habeas petition after April 24, 1996, the petition is reviewed pursuant to the AEDPA.  Lindh v. Murphy, 521 U.S. 320, 336 (1997); Benefiel v. Davis, 357 F.3d 655, 659 (7th Cir. 2004).  This court's review is limited under the AEDPA.  Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

---

² This court nevertheless notes that there is another reason for denying Petitioner's request for a stay.  This court concludes that Petitioner has not shown good cause for his failure to raise his claims regarding the denial of his right to a fitness hearing prior to trial in his previous proceedings.  See Rhines, 544 U.S. at 277 (stay is appropriate only where there was good cause for the petitioner's failure to exhaust his claims first in state court and the unexhausted claims are not "plainly meritless").  Petitioner first raised a claim that he was denied his right to a fitness hearing in his proposed successive post-conviction petition and has not provided any persuasive arguments regarding why he did not attempt to raise the issue of his fitness for trial until January 2009, approximately seven years after his jury trial was held.

State court proceeding.

28 U.S.C. § 2254(d)(1),(2). Therefore, under the AEDPA, "if a state court adjudicated a constitutional claim on the merits, then a federal court may grant habeas relief only if the state court decision was contrary to, or involved an unreasonable application of, Supreme Court precedent or if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding." Daniels v. Knight, 476 F.3d 426, 433 (7th Cir. 2007), citing Williams v. Taylor, 529 U.S. 362, 376-77 (2000). This "highly deferential standard for evaluating state-court rulings" imposed by the AEDPA "demands that state-court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002). The "unreasonable application" prong of § 2254(d) "is a difficult standard to meet." Daniels, 476 F.3d at 433, quoting Jackson v. Frank, 348 F.3d 658, 662 (7th Cir. 2003).

This court first concludes that the appellate court's determination that the evidence was sufficient to prove Petitioner guilty beyond a reasonable doubt was not an unreasonable application of clearly established Federal law. The Federal law governing sufficiency of the evidence claims is set forth in Jackson v. Virginia, 443 U.S. 307 (1979). In Jackson, the United States Supreme Court held that the relevant question when the issue of the sufficiency of the evidence is raised is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319 (emphasis in original). In this case, the appellate court correctly set out the Jackson standard, summarized the evidence presented at trial, and concluded that "sufficient evidence existed from which the jury could find defendant guilty of the essential elements of the crime beyond a reasonable doubt." Harper, Case No. 4-02-0295, p.14. In doing so, the appellate court reasonably

held that there was ample evidence supporting the jury's verdict that Petitioner was guilty of first degree murder because he was not so intoxicated that he was incapable of forming the specific intent to commit murder. This court concludes that the appellate court's holding was neither contrary to, nor an unreasonable application of, the Jackson decision. Therefore, Petitioner is not entitled to habeas relief on this claim.

Petitioner's second claim is that the trial court committed error when it prohibited the defense from presenting the testimony of defense expert Dr. Jonathan Hess. According to the appellate court's decision, Dr. Hess testified in an offer of proof that his testing of Petitioner revealed a dysfunction of the frontal lobe of Petitioner's brain, which is the area that affects emotions and behavior, including anger, impulsiveness, judgment, and self-restraint. Harper, Case No. 4-02-0295, at p. 18. Dr. Hess stated that it was his opinion that Petitioner suffered from abnormal brain function and did not have the normal ability to inhibit emotions, estimate the consequences of his actions, or exercise good judgment. Harper, Case No. 4-02-0295, at pp.18-19. Dr. Hess opined that someone like Petitioner, who had diminished control over his actions, may unintentionally cause another's death. Harper, Case No. 4-02-0295, at p.19. Dr. Hess stated, however, that Petitioner did not meet the legal definition of insanity and that he found no evidence that Petitioner acted in self-defense. Harper, Case No. 4-02-0295, at p.19. The trial court granted the prosecution's motion in limine to bar Dr. Hess's testimony finding that his testimony was not relevant to any defense Petitioner had to the charge against him. The trial court stated that "[u]nfortunately the courts are full of persons who have short tempers and combative natures." Harper, Case No. 4-02-0295, at p.19. The court further stated that the "law does not change for people that have short tempers" and that they are not subject to "a different set of rules." Harper,

Case No. 4-02-0295, at p.20.

After careful consideration, the appellate court concluded that Dr. Hess's testimony was not relevant to Petitioner's intoxication defense, was not relevant to the issue of second degree murder and would not support an involuntary manslaughter instruction. Harper, Case No. 4-02-0295, at pp.20-23. The appellate court therefore concluded that the trial court did not abuse its discretion in barring Dr. Hess's testimony.

This court agrees with Respondent that Petitioner cannot obtain habeas relief on this claim because the claim is not cognizable for habeas relief. "State court evidentiary errors do not normally entitle a [petitioner] to habeas relief." Anderson v. Sternes, 243 F.3d 1049, 1053 (7th Cir. 2001); see also Dressler v. McCaughtry, 238 F.3d 908, 914 (7th Cir. 2001). Habeas relief is available for such claims only if the petitioner can establish that the erroneous evidentiary rulings were so prejudicial that they compromised the petitioner's due process right to a fundamentally fair trial, creating the likelihood that an innocent person was convicted. Anderson, 243 F.3d at 1053. Petitioner has not made this claim in his § 2254 petition, nor has this issue been fairly preserved for federal habeas review. See Lewis v. Sternes, 390 F.3d 1019, 1026 (7th Cir. 2004) (a petitioner who exhausts state court remedies without properly asserting the federal nature of a claim at each level of state court review defaults that claim).

In any event, this court agrees with Respondent that, even if this court considers Petitioner's evidentiary claim regarding the proposed testimony of Dr. Hess, it is clear that the appellate court's decision rejecting that claim was not unreasonable. The appellate court reasonably concluded that the trial court did not abuse its discretion in barring Dr. Hess's testimony because Dr. Hess could not offer any opinions relevant to any issue in the case.

This court reaches the same conclusion regarding Petitioner's third claim, that the trial court erred by limiting the testimony of Dr. Brown. Prior to trial, the State filed a motion to bar the testimony of Petitioner's expert toxicologist, Dr. Brown, because defense counsel failed to disclose his testimony within the discovery deadline. The trial court denied the motion and allowed Dr. Brown to testify but, during trial, ruled that Dr. Brown could not testify as to certain alternative mathematical calculations he had calculated the day before his testimony. Harper, Case No. 4-02-0295, at pp.14-15. At trial, during redirect examination, defense counsel attempted to elicit from Dr. Brown his opinion of Petitioner's blood alcohol concentration (BAC) if Petitioner did not consume every drop of alcohol reported. The State objected, arguing that the question was beyond the scope of cross-examination. The trial court sustained the objection and defense counsel then made an offer of proof. During the offer of proof, Dr. Brown testified that if Petitioner shared some of the alcohol he reportedly drank, he would have had a lower BAC. Dr. Brown testified that, if Petitioner consumed two-thirds of the alcohol reported, his BAC would have been 0.297, making it difficult for him to walk and talk. If he had consumed one-half of the alcohol, his BAC would have been 0.157, making his functions normal. Harper, Case No. 4-02-0295, at p.15.

The trial court refused to allow the testimony contained in Dr. Brown's offer of proof, finding that the alternative calculations of Petitioner's BAC had not been disclosed to the State. The court further found that the proposed testimony from Dr. Brown would be based upon "pure speculation." Harper, Case No. 4-02-0295, at p.16. The appellate court concluded that the trial court did not abuse its discretion in limiting Dr. Brown's testimony. It concluded that the offer of proof established that Dr. Brown's additional testimony would be based on speculation because "Dr. Brown merely speculated as to lesser amounts defendant may have consumed." Harper, Case No.

4-02-0295, at pp.16-17.  The appellate court also concluded that Petitioner suffered no prejudice from the limitations to Dr. Brown's testimony, noting that, before the State objected, "the jury heard Dr. Brown's testimony that his calculations would be affected if defendant did not consume every drop of alcohol reported."  Harper, Case No. 4-02-0295, at p.17.  The appellate court concluded that the "jury did not need an expert to tell them that if defendant consumed less, his BAC would be lower."  Harper, Case No. 4-02-0295, at p.17.  The appellate court further concluded that Petitioner was not prejudiced because the testimony during the offer of proof did not support his defense, noting that Dr. Brown's proposed testimony that a BAC of 0.157 would have allowed Petitioner to engage in normal, everyday functions "would have undermined [his] voluntary-intoxication defense."  Harper, Case No. 4-02-0295, at p.17.

This court again concludes that Petitioner's evidentiary argument is not cognizable on habeas review.  This court further concludes that, even if it considered the argument, Petitioner has not shown that the appellate court's ruling was unreasonable.  The appellate court reasonably concluded that the trial court's decision to limit Dr. Brown's testimony was proper.

For all of the reasons stated, Petitioner is not entitled to habeas relief an any of his claims.  Accordingly, Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (#1) must be DENIED.

IT IS THEREFORE ORDERED THAT:

(1) The clerk is directed to substitute Frank Shaw for Terry McCann as Respondent in this case.

(2)  Petitioner's Motion for Leave to Stay Habeas Petition and Hold in Abeyance (#10) is DENIED.

(3) Petitioner's second Motion to Appoint Counsel (#19) is DENIED.

(4) Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (#1) is DENIED.

(5) This case is terminated.

ENTERED this 27th day of August, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE